UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY POLLOCK,

              Plaintiff,

-vs-                                            Case No. 2:05-cv-30-FtM-29SPC

INTEGRATED ELECTRICAL SERVICES, INC.,
as the Plan Sponsor of the Integrated Electrical
Services, Inc. flexible employee benefit plan and
BLUE CROSS AND BLUE SHIELD OF TEXAS,
a division of Health Care Service Corporation,

              Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Defendant Blue Cross Blue Shield of Texas' Amended Motion to Dismiss the Plaintiff's Second Amended Complaint (Doc. # 40) filed on May 19, 2005. The Plaintiff filed his Response (Doc. # 44) on June 1, 2005, and the Motion is now ripe for review.

Under the Federal Rules of Civil Procedure, "[i]f on a [12(b)(6)] motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Property Mgmt. & Investments, Inc. v. Lewis, 752 F.2d 599, 604 (11th Cir. 1985) (quoting Fed. R. Civ. P. 12(b)). Moreover, the court has discretion as to whether to accept material beyond the pleading that is offered in conjunction with a

12(b)(6) motion. Id.; E.E.O.C. v. Reno, 758 F.2d 581, 583 n.6 (11th Cir. 1985) (citing Ware v. Associated Milk Producers, Inc., 614 F.2d 413, 415 (5th Cir. 1980)). However, once the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment. Milburn v. U.S., 734 F.2d 762, 765 (11th Cir. 1984) (converting motion to dismiss into motion for summary judgment by considering matters beyond complaint). Either the pleader or the moving party or both may bring the conversion provision into operation by submitting extraneous matters. Porter v. Shearson Lehman Bros. Inc., 802 F. Supp. 41, 52 (S.D. Tex. 1992). Here, as stated above, Blue Cross submitted extraneous matters with their response. The Court, has decided to consider the terms contained in the ASA as submitted by Blue Cross. Since the ASA was beyond the pleading, Blue Cross' Motion to Dismiss was converted, by the Court, to a motion for summary judgement on June 15, 2005. (Doc. # 47).

## FACTS

The Plaintiff filed this action under the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*. The Plaintiff was a member in an ERISA regulated health benefit plan established by his employer known as Integrated Electrical Services, Inc., Flexible Employee Benefit Plan (the Plan). The Plan was a fully self funded benefits program provided by Integrated Electrical Services for its employees and their family members. Pursuant to the Administrative Services Agreement (ASA) between Integrated Electrical Services and Blue Cross Blue Shield of Texas (Blue Cross), Blue Cross was retained as the Plan's Claims Administrator. In its position as Claims Administrator, Blue Cross denied the Plaintiff's application for payment of an above the knee prosthesis with microprocessor and custom modification. The Plaintiff appealed the denial and Blue Cross again denied the claim. The Plaintiff then filed suit in this Court pursuant to ERISA.

## STANDARD OF REVIEW

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Similarly, an issue is material if it may affect the outcome of the suit under governing law. Id.

The moving party bears the burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In deciding whether the moving party has met this initial burden, the Court must review the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party. Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999). Once the Court determines that the moving party has met its burden, the burden shifts and the non-moving party must present specific facts showing that there is a genuine issue for trial that precludes summary judgment. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial." Demyan v. Sun Life Assurance Co. of Canada, 148 F. Supp. 2d 1316, 1320 (S.D. Fla. 2001) (citing Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991)). Failure to show sufficient evidence of any essential element is fatal to the claim and the Court should grant the summary judgment. Celotex, 477 U.S. at 322-323. Conversely, if reasonable minds could find a genuine issue of material fact then summary judgment should be denied. Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992).

**DISCUSSION**

Blue Cross moves the Court for dismissal on the following grounds: (1) the Plaintiff has failed to state a valid cause of action against it because as the claims administrator of the plan, Blue Cross was not a fiduciary and, therefore, not liable under ERISA; and (2) the Plaintiff failed to exhaust all his administrative remedies as set forth in the Plan's summary description. In response, the Plaintiff asserts that Blue Cross is liable under ERISA because Blue Cross exercised discretionary authority over who received benefit payments. The Plaintiff further asserts that he has exhausted his administrative remedies or in the alternative such remedies were waived.

*(1) Whether Blue Cross had Fiduciary Status Under ERISA*

ERISA does not regulate the duties of non-fiduciary plan administrators. Baker v. Big Star Division of the Grand Union Company, 893 F.2d 288, 289 (11th Cir. 1989). As such, non-fiduciaries cannot be held liable under ERISA. Id. (citing Howard v. Parisians, Inc., 807 F.2d 1560, 1564-1565 (11th Cir. 1987)). A fiduciary is defined as one who exercises any discretionary authority or discretionary control respecting management of a plan or exercises any authority or control respecting management or disposition of its assets. Firestone Tire and Rubber Company v. Bruch, 489 U.S. 101, 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989) (citing 29 U.S.C. § 1002(21)(A)(i)). Thus, a fiduciary has authority to control and manage the operation and administration of the plan. Firestone Tire and Rubber, 489 U.S. at 113 (citing 29 U.S.C. § 1102(a)(1)). The fiduciary is required to provide a full and fair review of claim denials. Firestone Tire and Rubber, 489 U.S. at 113 (citing 29 U.S.C. § 1133(2)). A plan administrator who merely performs claims processing, investigatory, and record keeping duties is not a fiduciary. Baker, 893 F.2d at 290.

The Plaintiff argues that the Administrative Services Agreement (ASA) between Integrated Electrical and Blue Cross is a mere sham elevating form over substance because Blue Cross is, in reality, the Plan Administrator. The Plaintiff cites Rosen v. TRW, 979 F.2d 191 (11th Cir. 1992), for the proposition that a defacto administrator is liable under the terms of ERISA. In Rosen, the Plaintiff, a terminated employee of the Chilton Corporation, sued TRW for benefits pursuant to the company's ERISA benefits plan known as the Executive Security Plan (ESP). Id. at 192. TRW acquired all of Chilton's stock and became the successor in interest in the law suit. Id. at 191. The District Court dismissed the complaint because under the terms of the ESP Plan, a separate Administrative Committee functioned as the Plan Administrator. Thus, the Court found that TRW was not the proper party. The Eleventh Circuit Court of Appeals held that the Administrative Committee was an unincorporated, unfunded, unidentified, inactive entity, which was in fact the the alter ego of TRW. Id. at 193. As a result, the Eleventh Circuit allowed the Plaintiff to amend the complaint and add the Administrative Committee as a party along with TRW who was found to be the de facto Plan Administrator.

In Rosen, the employer sought to hide behind a fictional Administrative Committee to avoid its liability as the de facto plan administrator. Here, unlike Rosen, there is a clear designation of Plan responsibility. The Employer acknowledges its participation, responsibility, and control authority over the Plan's administration. The Plan's Summary Plan Description reads in pertinent part:

> [t]he operation and administration of the Plan require uniformity regarding intent of the Plan and the interpretation of the Plan provisions. The Plan Administrator has full and complete authority and discretion to make decisions regarding the Plan provisions and determining questions of eligibility and benefits.

> The Claims Administrator has been given authority by the Plan Administrator to make determinations if:
> - Services, care, treatment or supplies are Medically Necessary,
> - Surgery is Cosmetic, Reconstructive or Plastic Surgery,
> - Charges are allowable,
> - Surgery, medical treatment or drugs are Experimental/Investigational.

(Plaintiff's Amended Complaint at 2 ¶ 4).

Blue Cross argues that it was not a fiduciary under the terms of the agreement because under the ASA, the Plan Sponsor, in this case Integrated Electrical Services, was designated as the final arbitrator and kept for itself the final authority regarding the interpretation of the Plan. Specifically, Blue Cross points to sections of the ASA to provide evidence that as the Claims Administrator it merely performed clerical claims duties and had no fiduciary duty to the Plaintiff. Therefore, Blue Cross argues that it is not liable under ERISA law.

Under the terms of the ASA, the Plan Sponsor, Integrated Electrical, was designated as the final arbitrator and retained the final authority regarding the interpretation of the Plan. The ASA reads in pertinent part:

> THIS ADMINISTRATIVE SERVICES AGREEMENT (the Agreement) is made and entered into as of the Effective Date indicated on the cover page of this Agreement and is by and between Blue Cross and Blue Shield of Texas (referred to as [Blue Cross]) and Integrated Electrical Services, Inc. (referred to as Plan Sponsor or Employer).
>
> WHEREAS, Plan Sponsor has voluntarily established a self-funded employee health and welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 (ERISA), as amended, or for government and/or church plans, compliance is voluntary (in either case herein called the Plan) for the benefit of certain of its Participants. **The Plan Sponsor shall be the final arbitrator and have the final authority regarding the interpretation of the Plan.** The Plan Sponsor has delegated

-6-

>to the Administrative Committee the administration of the Plan and shall be the final arbitrator and have full and final discretionary authority regarding interpretation and administration of the Plan; and
>
>WHEREAS, Plan Sponsor desires to engage [Blue Cross] to administer, supervise, and generally manage certain health benefit coverage in a ministerial capacity and to provide those services to the Plan Sponsor as described below and in any attachments hereto. **[Blue Cross] shall not be deemed to have any discretionary authority or discretionary control regarding the management of the Plan or any assets of the Plan.**

(Doc. # 12-2 at 3) (emphasis added).

Blue Cross Blue Shield was designated the Claims Administrator by the ASA. (Doc. 12-2 at 4). The ASA defined the Claims Administrator as follows:

>a. Claims Administration. Within the scope of its professional abilities and its provision of services under this Agreement. [Blue Cross] shall administer claims as it may be requested and authorized. [Blue Cross] is empowered by the Plan Sponsor to do all things it deems necessary to carry out the terms and purposes of the Employer's health benefit Plan only as expressly stated in this Agreement or as mutually agreed to in writing between the parties hereto. **[Blue Cross] does not have discretionary authority to determine whether claims are payable under the Employer's health benefit plan.**

(Doc. # 12-2 at 6 ¶ 2.02(a)) (emphasis added).

The ASA grants final authority establishing and construing the terms and conditions of the Employer's health benefit plan to the Employer Integrated Electrical. (Doc. # 12-2 at 13). Furthermore, the ASA establishes that the agreement between Integrated Electrical and Blue Cross was not a "contract of insurance" and that Blue Cross was not the insurer or underwriter of the Plan Sponsor's liability under the Plan. (Doc. # 12-2 at 14 ¶ 4.04). After the exhaustion of all remedies offered by Blue Cross, Integrated Electrical, as the Plan Sponsor and Administrator, maintains final authority and responsibility for reviewing and determining all appeals of adverse determinations(Doc. # 12-2 at 13). Based upon the terms and agreements between Integrated

Electrical and Blue Cross the final discretionary authority for making benefit determinations rests solely with Integrated as the Plan Sponsor and not with Blue Cross. Thus, Blue Cross was not the designated nor the defacto Plan Administrator as alleged in the Plaintiff's Complaint.

Integrated Electrical did nothing more than rent the claims department of Blue Cross to review claims and determine the benefits payable in accord with the terms and conditions of the Plan. An ERISA insurance company does not become an ERISA fiduciary simply be performing administrative duties and claims functions within a framework of rules established by an employer. Baker, 893 F.2d at 290. Thus, the Court respectfully recommends that summary judgement should be granted in favor or Blue Cross.

*(2) Whether the Plaintiff Exhausted His Administrative Remedies*

Because the Court has determined that Blue Cross was not a fiduciary under ERISA law it is not necessary for the purposes of this Motion to make determination regarding the Plaintiff's administrative exhaustion.

Accordingly, it is now

**RECOMMENDED:**

The Defendant Blue Cross Blue Shield of Texas' Amended Motion to Dismiss the Plaintiff's Second Amended Complaint (Doc. # 40) converted by the Court into a Motion for Summary Judgement should be **GRANTED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this __6th__ day of July, 2005.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record