UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY POLLOCK,

                Plaintiff,

vs.                                    Case No. 2:05-cv-30-FtM-29SPC

INTEGRATED ELECTRICAL SERVICES, INC., as the Plan Sponsor of the Integrated Electrical Services, Inc. flexible employee benefit plan and BLUE CROSS AND BLUE SHIELD OF TEXAS, a division of Health Care Service Corporation,

                Defendants.
_____

**OPINION AND ORDER**

    This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #50), filed July 6, 2005, recommending that defendant Blue Cross and Blue Shield of Texas' Amended Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #40), as converted to a Motion for Summary Judgment, be granted. Plaintiff filed Objections (Doc. #51) on July 19, 2005, and defendant Blue Cross and Blue Shield of Texas (Blue Cross) filed a Response (Doc. #52) on July 26, 2005.

    After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982),

cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. by Ernest S. v. State Bd. Of Educ. Of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong. § 2 (1976)). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

The Report and Recommendation found that Blue Cross was not a proper party in this action concerning denial of benefits under the Employee Retirement Income Security Act (ERISA) because as Claims Administrator it was not a fiduciary plan administrator. Plaintiff asserts that under the Plan documents Blue Cross is a fiduciary or is a *de facto* administrator within the meaning of Rosen v. TRW, Inc., 979 F.2d 191 (11th Cir. 1992).

ERISA provides that "[a] civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the

-2-

terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997). Identification of the party that controls the administration of the plan is especially important because any order directing payment of benefits is directed to that party. Hunt v. Hawthorne Associates, Inc., 119 F.3d 888, 908 (11th Cir. 1997).

Actions under this section may be brought against the plan administrator for recovery of benefits. Hamilton v. Allen-Bradley Co., Inc., 244 F. 3d 819, 824 (11th Cir. 2001). However, "ERISA does not regulate the duties of non-fiduciary plan administrators. As such, non-fiduciaries cannot be held liable under ERISA." Baker v. Big Star Div. Of the Grand Union Co., 893 F.2d 288, 289 (11th Cir. 1989). The Court agrees with the Report and Recommendation that under the Plan documents Blue Cross is not a fiduciary within the meaning of ERISA and the Eleventh Circuit caselaw.

Plaintiff argues, however, that Blue Cross was the *de facto* administrator, and liability attaches to it on that basis. The Eleventh Circuit has held that under certain circumstances an employer may be considered an "administrator" regardless of the provisions of the plan document. Thus, in Rosen the Court held that a complaint should not have been dismissed because liability could attach to an employer, even if it was not the named

administrator in the plan document, if the employer was the *de facto* plan administrator. Rosen, 979 F.2d at 194. Thus, as it applies to this case, Rosen would preclude Integrated Electrical Services, Inc. from disavowing itself as Plan administrator simply because an Administrative Committee was named to perform that function. Hamilton found an employer liable under ERISA because the employer was in fact administering the plan. Hamilton, 244 F.3d at 824. "Proof of who is the plan administrator may come from the plan document, but can also come from the factual circumstances surrounding the administration of the plan, even if these factual circumstances contradict the designation in the plan document." Hamilton, 244 F. 3d at 824 (citing Rosen v. TRW, Inc., 979 F.2d at 193). The key determination was whether the employer had sufficient decisional control over the claim process, which required an analysis of the facts surrounding the administration of the disability plan. Hamilton, 244 F. 3d at 824.

When the Eleventh Circuit examined the role of a third party administrator which was neither the employer nor the named Administrator, it found no liability under a *de facto* theory. Hunt, 119 F.3d at 908-12. The most important factor in Hunt was the identity of the party which bore ultimate responsibility to decide the benefits claim. Making benefits determinations and decisions, as Blue Cross clearly did in this case, is not sufficient if the ultimate responsibility to decide the benefits

-4-

claim is elsewhere.  Here, it is undisputed that Blue Cross had no such ultimate authority and that such final authority was given solely to Integrated Electrical Services, Inc.

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, and giving *de novo* review to matters of law and matters to which objections have been filed, the Court accepts the Report and Recommendation of the magistrate judge.

Accordingly, it is now

**ORDERED**:

The Report and Recommendation is hereby **accepted** and **adopted**. The Amended Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #40), construed as a Motion for Summary Judgment, is granted in favor of defendant Blue Cross and Blue Shield of Texas.  The Clerk shall withhold the entry of judgment until the conclusion of the case.

**DONE AND ORDERED** at Fort Myers, Florida, this   11th   day of August, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
United States Magistrate Judge
Counsel of Record
Unrepresented parties